IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SETH R. NIEMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:22-cv-02940-DLF |
| v. ) | |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN, ) | |
| ) | |
| Defendant. ) | |

*************************************************************************

**PLAINTIFFS' STATUS REPORT**

Plaintiffs, hereby file this Status Report setting forth a proposed course of action for the resolution of Plaintiffs' claims against the Islamic Republic of Iran.

## I.  Summary of Proceedings

Plaintiffs filed a Complaint against the Islamic Republic of Iran ("Iran") on September 28, 2022. ECF No. 1. On March 6, 2023, service was completed on Defendant Iran. ECF No. 12. The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a), provides for service over a foreign sovereign and its political subdivisions in one of four ways. The first two methods, (1) "special arrangement for service between the plaintiff and the foreign state," and (2) "in accordance with an applicable international convention on service of judicial documents," were unavailable here.

As a result, Plaintiffs attempted service under 1608(a)(3) which required service "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). Since Plaintiffs were unable to

effect service under 1608(a)(3), Plaintiffs turned to 1608(a)(4) to serve Defendants through diplomatic channels via the United States State Department. The Clerk transmitted the papers to the State Department on December 22, 2022. ECF Nos. 9 & 10.

On April 12, 2023, the State Department filed with the Clerk of Court a letter attesting to the transmission of the required papers through diplomatic channels on Defendant Iran on March 6, 2023. ECF No. 12.

Accordingly, the requirements for service on Defendant Iran under the FSIA were satisfied. Pursuant to 28 U.S.C. § 1608(d), the Defendant had sixty days after service was affected to answer or otherwise respond. The time for Iran lapsed on May 5, 2023, and Iran failed to respond to the Complaint or otherwise plead.

Plaintiffs now submit this status report to recommend a procedure for resolving the pending claims against Iran, pursuant to the Court's order of December 22, 2023.

## II.     Recommended Procedure for Resolving Plaintiffs' Claims Against Iran

Iran has a long and established history of providing material aid and support to terrorist organizations including the Taliban. *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (D.D.C. 2022). Plaintiffs recognize, however, that entry of default judgment is not automatic, and they must establish the linkage between attacks and the Iranian role in the attacks to the satisfaction of the court. This "satisfactory" evidence standard can typically be met through "unconverted factual allegations" supported by "document and affidavit evidence." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010). In default judgment cases, Plaintiffs may present this evidence in the form of affidavits. *Moradi v. Islamic Republic of Iran*, 77 F 77 F. Supp. 3d 57, 65 (D.D.C. 2015); *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211 (D.D.C. 2012). Further, courts may take judicial notice of evidence presented in earlier litigation without necessitating the

formality of having that evidence reproduced. *Fain v. Islamic Republic of Iran*, 856 F. Supp. 2d 109, 116 (D.D.C. 2012).

Plaintiffs will submit a motion for default judgment together with documentary evidence and an expert report establishing Iran's liability under 1605A for the attacks at issue in the Complaint. Plaintiffs intend for their submitted evidence and comprehensive expert report to meet the satisfactory evidence standard so that an evidentiary hearing would not be required. *See Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 212 (D.D.C. 2012) (finding that an evidentiary hearing is not required as a "plaintiff may establish proof by affidavit").

### III.   Schedule for Submission of Evidence

Plaintiffs intend to submit sworn declaration testimony in support of their claims, including but not limited to proof as to Plaintiffs' U.S. citizenship, medical records, and any records produced about the attack by their military units. Plaintiffs submitted FOIA requests to two different military units in which the victims served, U.S. Army Central and the Oregon National Guard. The FOIA request to U.S. Army Central did not produce any relevant records. Plaintiffs also submitted requests to the National Personnel Records Center ("NPRC"). The NPRC produced limited medical records for three plaintiffs for the attacks that occurred in 2010 in 2012. On December 11, 2023, the Oregon National Guard advised Plaintiffs that they are attempting to determine which active duty station has the records we are seeking. Plaintiffs have made additional inquiry in March 2024 about the status of the Oregon National Guard records and are waiting for a response. Plaintiffs have now submitted requests to U.S. Central Command in pursuit of direct evidence of the attacks. Once FOIA and record production is complete, Plaintiffs will be providing all the evidence to their expert witness and working closely with him to produce an expert report. Plaintiffs will be able to finalize their memorandum in support of a motion for default judgment

once record production is complete, declarations are finalized, and the expert report received. Plaintiffs are working diligently to get these declarations completed, reports produced, and memorandum in support of their motion for default judgment finished in a timely manner.

Dated: March 22, 2024                                       Respectfully Submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush (Bar No. MD27025)
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*